Case 5:21-cv-00128   Document 12   Filed on 12/16/21 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GUILLERMO G. ALARCON *et al.*, § § Plaintiffs, § § VS. § § ABERRATION, INC. d/b/a SOUTH TEXAS SOLAR SYSTEMS, INC. *et al.*, § § § § § Defendants. § | CIVIL ACTION NO. 5:21-CV-128 |

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Plaintiffs Guillermo G. Alarcon and Barbara Alarcon have filed a motion to remand, to which Defendant Panasonic Corporation of North America ("Panasonic") has filed a response and Plaintiffs have filed a reply (Dkt. Nos. 3, 6, 8). At the request of the Court, the parties submitted supplemental briefs (Dkt. Nos. 9, 10, 11). Having considered the record, arguments, and applicable authorities, the Court concludes that Plaintiffs' motion to remand (Dkt. No. 3) should be **GRANTED**. This action's underlying litigation is hereby **REMANDED** to the state court. However, because the Court is considering imposing Rule 11 sanctions, such proceedings will continue in this Court.

### BACKGROUND

In December 2018, Plaintiffs hired Defendant Aberration, Inc. ("Aberration"), a Texas company, to install 57 solar panels manufactured by Panasonic (Dkt. No. 1-1 at 3). At the time, Plaintiffs thought the solar panels would generate at least 36,000

kWh per annum (*id.*). Because the solar panels did not yield the expected amount of energy in 2019 and 2020, Plaintiffs asserted state law claims against both Aberration and Panasonic in state court (*id.* at 2–4). Panasonic then removed the lawsuit to this Court (Dkt. No. 1).

Panasonic's notice of removal avers this Court can exercise diversity jurisdiction (*id.*). According to Panasonic, the amount in controversy exceeds $75,000 and Plaintiffs, as Texas residents, are diverse from Panasonic, a Delaware corporation with its principal place of business in New Jersey (*id.*). Even though Aberration is a Texas corporation, Panasonic argues the "snap removal rule" allows this Court to disregard Aberration's citizenship (*id.* at 3–4). Panasonic focuses on the fact that Plaintiffs had not yet served process on Aberration at the time of removal, and therefore, Aberration's citizenship can be ignored for diversity jurisdiction (*id.*).

Plaintiffs then filed their motion to remand, which argues that Panasonic misunderstands the snap removal rule and seeks attorney's fees (Dkt. Nos. 3, 8). Having received Panasonic's response, Plaintiffs' reply, and the parties' supplemental materials, the matter is now ripe for the Court's consideration (Dkt. Nos. 6, 8, 10, 11).

## LEGAL STANDARD

Because federal district courts are courts of limited jurisdiction, they may only hear those cases authorized by federal statute, the U.S. Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under the federal removal statute, "[e]xcept as otherwise expressly provided . . . any civil action brought in a State court of which

the district courts . . . have original jurisdiction, may be removed by defendant or defendants, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Original jurisdiction, also called subject matter jurisdiction, in federal court is generally conferred through either (1) federal question jurisdiction or (2) diversity jurisdiction. *See* 28 U.S.C. §§ 1331–32; *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Relevant here, diversity jurisdiction requires that a civil action concern an amount in controversy exceeding $75,000, exclusive of interests and costs, and that the parties be "completely diverse." *See* U.S.C. § 1332(a)(1). "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all other persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power. Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). In other words, a federal court cannot exercise diversity jurisdiction if one plaintiff shares the same citizenship as any defendant. *See Stiftung v. Plains Mktg., LP*, 603 F.3d 295, 297 (5th Cir. 2010).

Where an action originally filed in state court is removed to federal court, the removing party bears the burden of establishing subject matter jurisdiction. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995). Accordingly, a court is required to strictly construe the

3

removal statute in favor of remand. *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

## ANALYSIS

### A. Diversity Jurisdiction, the Forum Defendant Rule, and the Snap Removal Rule

"Diversity jurisdiction and removal exist to protect out-of-state defendants from in-state prejudice." *Tex. Brine Co., LLC v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020). "The possibility of prejudice vanishes, however, when plaintiffs seek to litigate in the defendants' home state court." *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-cv-2043, 2015 WL 6322625, at *5 (N.D. Tex. Oct. 20, 2015). Therefore, the "forum defendant rule," codified at 28 U.S.C. § 1441, provides that an action removable based on diversity jurisdiction may not be removed if a defendant is a citizen of the state in which the action is pending. *Id.*

The snap removal rule is an exception to the forum defendant rule, which can be summarized as follows: a non-forum defendant can remove an action to federal court if (1) diversity jurisdiction exists and (2) defendants who are residents of the forum state have not been properly joined or served. *See Texas Brine,* 955 F.3d at 485; *Serafini v. Sw. Airlines Co.*, 485 F. Supp. 3d 697, 699 (N.D. Tex. 2020). Whether a defendant has been served is irrelevant for jurisdictional purposes. *Bingabing v. Est. of Warren*, No. 3:20-cv-951, 2020 WL 3639662, at *3 (N.D. Tex. July 6, 2020) (citing *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998)).

For example, in *Texas Brine*, a Texas plaintiff sued two Louisiana defendants and a New York defendant in Louisiana state court. *See* 955 F.3d at 484–85. Before

the Louisiana defendants were served, the New York defendant removed the action to the Eastern District of Louisiana, citing the snap removal rule. *Id.* at 483, 485. On appeal, the Fifth Circuit joined the Second, Third, and Sixth Circuits and held 28 U.S.C. § 1441(b)(2) permitted snap removal. *Id.* at 485, 487. However, prior to reaching that question, the Fifth Circuit first determined that the parties named in the pleadings were completely diverse. *Id.* at 485.

Here, two Texas plaintiffs have sued two defendants, one of which is a Texas citizen (Dkt. No. 1-1). Because the parties are not completely diverse, this Court cannot exercise diversity jurisdiction over this action and this matter should be remanded to the state court. *See, e.g., Galindo v. Jackson*, No. H-21-1869, 2021 WL 4295128, at *1 (S.D. Tex. Sept. 21, 2021).

### B. Attorney's Fees

As for Plaintiffs' request for attorney's fees, the Court finds a fee award proper. The removal statute allows courts to award attorney's fees only where the removing party lacked an objectively reasonable basis for removal. 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Grp.*, 546 U.S. 132, 141 (2005). The decision to award attorney's fees is discretionary, and the presence or absence of an objectively reasonable basis for seeking removal is decided without regard for the ultimate conclusion on whether removal was proper. *See Griffith v. Alcon Res. Ltd.*, 712 F. App'x 406, 409 & n.9 (5th Cir. 2017).

Here, Panasonic lacked an objectively reasonable basis for removal. First, *Texas Brine*, a binding 2020 case from the Fifth Circuit, placed Panasonic on notice

that its position was incorrect. Prior to assessing whether the 28 U.S.C. § 1441(b)(2) permitted snap removal, the Fifth Circuit first determined whether it had diversity jurisdiction based on the pleadings:

> We begin by recognizing that the forum-defendant rule is a procedural rule and not a jurisdictional one. Here, the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff. The plaintiff is a Texas limited liability company. The defendants are a New York corporation (the AAA) and the two individual citizens of Louisiana (DiLeo and Minyard). Thus, there is no jurisdictional defect under 28 U.S.C. § 1332(a).

*Texas Brine*, 955 F.3d at 485 (internal citations omitted).

Second, after a quick search, the Court located nine cases from 2020 and 2021 rejecting Panasonic's position in light of *Texas Brine*.[1] Accordingly, *Texas Brine* and the bevy of in-Circuit cases following it has made the law sufficiently clear: The Court does not ignore the citizenship of an unserved party when assessing whether it has diversity jurisdiction.

Third, in 1998, the Fifth Circuit decided *Deshotel*, which held:

> Broussard's non-diverse citizenship cannot be ignored simply because he was an unserved defendant. A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity

---

[1] *See Conrad v. Cincinnati Ins. Co.*, No. 3:21-cv-1533, 2021 WL 5140826, at *2 n.5 (N.D. Tex. Nov. 3, 2021); *Galindo*, 2021 WL 4295128, at *1; *Luna v. J.B. Transp., Inc.*, No. SA-21-cv-139, 2021 WL 2949478, at *1 (W.D. Tex. Apr. 21, 2021); *Zapata v. Republic Servs., Inc.*, No. 5:20-cv-782, 2021 WL 562179, at *3 (W.D. Tex. Jan. 14, 2021); *Smith v. Gallardo*, No. 3:20-cv-1394, 2020 WL 7695999, at *3 (N.D. Tex. Dec. 28, 2020); *Vandelay Hosp. Grp. LP v. Cincinnati Ins. Co.*, No. 3:20-cv-1348, 2020 WL 4784717, at *4 n.4 (N.D. Tex. Aug. 18, 2020); *Bingabing*, 2020 WL 3639662, at *2–3; *Lovett v. Bright Horizons Children's Ctr., LLC*, No. SA-20-cv-688, 2020 WL 3410898, at *1–2 (W.D. Tex. June 19, 2020); *Cox v. J.B. Hunt Transp., Inc.*, No. H-20-1454, 2020 WL 3288090, at *1–2 (S.D. Tex. June 17, 2020); *see also Alaniz v. Chesapeake Energy Corp.*, No. DR-19-cv-24, 2020 WL 7422243, at *2–3 (W.D. Tex. Jan. 23, 2020) (predating *Texas Brine*).

      is determined from the fact of citizenship of the parties named and not from the fact of service.

142 F.3d at 883. In the twenty-three years since *Deshotel* was decided, the case has yet to be overruled or abrogated by the Fifth Circuit or Supreme Court.

      Panasonic's supplemental brief cites thirteen cases to support its position (Dkt. No. 11 at 1–4 & n.4).[2] These citations suffer from four problems. First, these thirteen cases pre-date *Texas Brine*. Had Panasonic done its due diligence in researching the matter, it would have determined that it could not have reasonably relied on these cases.

      Second, that Panasonic did not acknowledge binding authority and nine easily identifiable district court cases in its briefs leads to another concern. Either Panasonic did not perform basic legal research to ensure good law supported its position, or Panasonic located *Texas Brine* and its progeny and ignored them. Either possibility leads the Court to conclude Panasonic acted in an objectively unreasonable manner. *See Smith v. Maestre*, No. 9:10-cv-91, 2010 WL 11530983, at *4 (E.D. Tex. July 12, 2010) (justifying fee award because defendants "could not be bothered to perform basic legal research before removing" the case); S.D. Tex. Local R. App'x D

---

[2] Panasonic's supplemental brief cites the following: *El-Issa v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-cv-984, 2019 WL 8128255 (S.D. Tex. July 18, 2019); *Putnam v. Coleman*, No. 4:18-cv-765, 2018 WL 4103233 (S.D. Tex. May 31, 2018); *Donnelly v. Nissan Motor Co., Ltd.*, No. 5:19-cv-882, 2019 WL 6340153 (W.D. Tex. Nov. 26, 2019); *LMN Consulting, Inc. v. DaVincian Healthcare, Inc.*, No. A-18-cv-1085, 2019 WL 2565281 (W.D. Tex. Mar. 29, 2019); *Cadena v. ASI Lloyds*, No. SA-17-cv-1034, 2018 WL 1904839 (W.D. Tex. Jan. 5, 2018); *Doe v. Geo Grp., Inc.*, No. SA-16-cv-173, 2016 WL 3004675 (W.D. Tex. May 24, 2016); *Reynolds v. Personal Representative of the Est. of Johnson*, 139 F. Supp. 3d 838 (W.D. Tex. 2015); *Evans v. Rare Coin Wholesalers, Inc.*, No. 4:09-cv-259, 2010 WL 595653 (E.D. Tex. Jan. 28, 2010); *Parker v. J.B. Transp., Inc.*, No. 5:19-cv-969, 2019 WL 6048002 (W.D. Tex. Sept. 12, 2019); *Sexton v. Exxon Mobil Corp.*, No. 3:17-cv-482, 2017 WL 6803443 (M.D. La. Sept. 15, 2017); *Gorman v. Schiele*, No. 3:15-cv-790, 2016 WL 3583645 (M.D. La. June 8, 2016); *Kelly v. Dedicated Logistics, LLC*, No. 4:16-cv-215, 2017 WL 3880317 (N.D. Miss. Sept. 5, 2017); *Magallan v. Zurich Am. Ins. Co.*, 228 F. Supp. 3d 1257 (N.D. Okla. 2017).

("A lawyer owes, to the judiciary, candor, *diligence* and utmost respect.") (emphasis added).

Third, nine of the thirteen cases do not support Panasonic's position. In these nine cases, the pleadings asserted claims against completely diverse defendants.[3] Panasonic's reliance on these authorities is therefore inapposite. Had Panasonic conducted basic legal research, it would have determined it could not rely on these nine cases.

Lastly, the four cases supporting Panasonic's position do not cite *Deshotel*, let alone let alone explain how their conclusions square with this binding case.[4] Indeed, *El-Issa*, the case upon which Panasonic relies most heavily, cites a Fifth Circuit opinion that undermines its conclusion. *See El-Issa*, 2019 WL 8128255, at *2 (citing *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014)). In *American National*, the Fifth Circuit noted that "removal jurisdiction is determined on *the basis of the complaint* at the time of removal." *Id.* at 637 (emphasis added). Curiously,

---

[3] *Donnelly*, No. 5:19-cv-882, Dkt. No. 1 at 3 (W.D. Tex. July 24, 2019) (Illinois and Wisconsin plaintiffs suing citizens of Texas and Japan); *LMN Consulting*, No. 1:18-cv-1085, Dkt. No. 1 at 2 (W.D. Tex. Dec. 14, 2018) (Minnesota plaintiff suing citizens of Delaware, Pennsylvania, and Texas); *Doe*, 2016 WL 3004675, at *2 (Honduran plaintiff suing citizens of Florida and Texas); *Reynolds*, 139 F. Supp. 3d at 840 (Missouri plaintiffs suing citizens of Oklahoma and Texas); *Evans*, No. 4:09-cv-259, Dkt. No. 1 at 2 (E.D. Tex. May 29, 2009) (Michigan plaintiffs suing citizens of California and Texas); *Sexton*, No. 3:17-cv-482, Dkt. No. 1 at 3–4 (M.D. La. July 25, 2017) (Mississippi plaintiff suing citizens of Connecticut, Delaware, Louisiana, New Jersey, Texas, and Virginia); *Gorman*, No. 3:15-cv-790, Dkt. No. 1 at 2 (M.D. La. Nov. 23, 2015) (Mississippi plaintiff suing citizens of Connecticut, Delaware, and Louisiana); *Kelly*, No. 4:16-cv-215, Dkt. No. 1 at 3 (N.D. Miss. Nov. 1, 2016) (Louisiana plaintiff suing citizens of Arkansas and Mississippi); *Magallan*, No. 4:16-cv-668, Dkt. No. 1 at 3 (N.D. Okla. Nov. 2, 2016) (Texas plaintiff suing citizen of Illinois and New York, as well as citizen of either Arkansas or Oklahoma).

[4] *See generally El-Issa*, 2019 WL 8128255; *Putnam*, 2018 WL 4103233; *Cadena*, 2018 WL 1904839; *Parker*, 2019 WL 6048002.

Panasonic also cites *American National* in its supplemental brief, but does not acknowledge this part of the opinion (Dkt. No. 11 at 2).

Overall, the Court concludes Panasonic lacked an objectively reasonable basis to remove this lawsuit. In so doing, Panasonic needlessly increased Plaintiffs' legal fees and consumed precious judicial resources. Awarding Plaintiffs attorney's fees for these additional costs is warranted.

To determine reasonable attorney's fees, the Court first calculates the "lodestar," which equates to the "number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The Court may draw from its expertise and judgment to independently assess whether the hourly rate charged is reasonable. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). As for hours reasonably expended, the Court must exclude any time that is excessive, duplicative, or inadequately documented. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Moreover, the Court may increase or decrease the lodestar based on the relative weights of the twelve factors outlined in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

9

Plaintiffs' counsel represents the following: He has spent 6.2 hours researching the issues of removal and remand, drafting court filings, conferring with Plaintiffs, and conferring with Panasonic (Dkt. No. 10 at 6–7). Counsel has approximately 24 years of experience and charges Plaintiffs an hourly rate of $350 (*id.* at 4–5). In total, Plaintiffs have incurred $2,170.00 in legal fees due to Panasonic's removal (*id.* at 7). Panasonic did not argue these figures were unreasonable (Dkt. No. 11).

After drawing from its familiarity with the time required to address this issue and the prevailing hourly rates in the Webb County area, the Court concludes the attorney's fees sought are reasonable. *See Gee v. Texas*, 3:18-cv-2681, 2018 WL 6991039, at *8 (N.D. Tex. Dec. 10, 2018) (spending 4 hours to address a *pro se* defendant's improper removal reasonable), *report and recommendation adopted*, 2019 WL 162909 (N.D. Tex. Jan. 10, 2019); *BBVA USA v. Hall*, No. 5:19-cv-99, Dkt. No. 16-2 (S.D. Tex. Apr. 16, 2020) *and* 2020 WL 9814212, at *3 (S.D. Tex. Dec. 18, 2020) (hourly rate of $375 for attorney with 16 years of experience reasonable for the Webb County area). Additionally, after considering the twelve *Johnson* factors, the Court concludes that it should not adjust the lodestar. Accordingly, Panasonic shall pay Plaintiffs $2,170.00 in attorney's fees for counsel's 6.2 hours of work, billed at an hourly rate of $350.

### C. Rule 11 Sanctions

Under Rule 11(b)(1) and (b)(2), a filing signed and submitted by an attorney certifies that (1) the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and

(2) the legal contentions raised are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(a), (b)(1)–(2). If a filing violates Rule 11, the Court can impose sanctions *sua sponte*. *Marlin v. Moody Nat'l Bank, NA*, 533 F.3d 374, 378 (5th Cir. 2008); Fed. R. Civ. P. 11(c)(3). In such circumstances, the Court's sanctions are limited to nonmonetary directives or penalties paid to the Court. *Marlin*, 533 F.3d at 379 (explaining Rule 11 attorney's fees can only be imposed through a party's Rule 11 motion, not a Court's *sua sponte* imposition). If the Court determines Rule 11 sanctions are warranted, the sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Further, although monetary sanctions are not available under Rule 11(b)(2), which governs legal arguments raised in court filings, they are available under Rule 11(b)(1), which governs filings submitted for an improper purpose. *See* Fed. R. Civ. P. 11(b)(1)–(2), (c)(5)(A). Before imposing Rule 11(b)(1) sanctions, the Court must issue a show cause order, describe the offensive conduct, and afford the offending party an opportunity to respond. *Brunig v. Clark*, 560 F.3d 292, 297 (5th Cir. 2009); *Marlin*, 533 F.3d at 378.

    The Court hereby **NOTICES** Panasonic that its removal, response to Plaintiffs' motion to remand, and supplemental brief likely violated Rule 11(b)(1) and (b)(2). The Court is considering imposing $4,340 in court penalties for violating Rule 11(b)(1) and may consider a nonmonetary sanction for violating Rule 11(b)(2). The Court is deeply troubled by the following:

1. At the time of removal, the Fifth Circuit had already decided *Texas Brine*, and multiple district court opinions applying *Texas Brine* had been entered. Panasonic either conducted inadequate legal research, or it knowingly defied binding case law to harass Plaintiffs, unnecessarily delay the litigation, or needlessly increase Plaintiffs' litigation costs.

2. Even after Plaintiffs raised *Texas Brine* in its motion to remand, Panasonic doubled down on its position. If a good faith argument to distinguish *Texas Brine* existed, Panasonic should have raised it in its response. If no good faith argument existed, the correct course of action would have been to file a response brief indicating no opposition to the motion to remand. *See Marquis v. Sadeghian*, No. 4:19-cv-626, 2021 WL 4148754, at *8 (E.D. Tex. Sept. 13, 2021) (noting counsel should have taken responsibility for imprudently filing a motion to dismiss, rather than doubling down on a plainly erroneous position).

3. Nine cases cited in Panasonic's supplemental brief involved completely diverse parties, regardless of their served or non-served status. Again, either Panasonic failed to conduct basic legal research, or it did so and chose to misrepresent these cases to the Court. *See Horton v. Fisher*, No. CV 19-272, 2021 WL 3811478, at *6 (M.D. La. Aug. 26, 2021) ("The Court understands an attorney's duty to zealously advocate on behalf of his or her client[,] but there is a line between this duty and a lawyer's duty of candor to the court.").

4. Panasonic's supplemental brief selectively quoted *American National*. As stated herein, *American National* plainly notes that "removal jurisdiction is determined on the basis of the complaint at the time of removal" and belies Panasonic's position. 746 F.3d at 637.

At this juncture, the Court is currently considering imposing a fine of $4,340—which would treble Panasonic's overall monetary penalties. Such a penalty may be the least severe sanction to deter this behavior. The Court emphasizes "may." Drawing from its familiarity with the prevailing rates of major law firms in this District and the financial means of companies like Panasonic, a $4,340 penalty may

not be sufficiently deterrent. However, the Court is mindful that it must issue sanctions conservatively.

## CONCLUSION

For the foregoing reasons, the Court concludes Plaintiffs' motion to remand (Dkt. No. 3) should be **GRANTED**. Panasonic is **ORDERED** to pay Plaintiffs $2,170.00 in attorney's fees no later than **December 30, 2021**. The underlying litigation is hereby **REMANDED** to the 406th Judicial District Court of Webb County, Texas.

However, the issue of Rule 11 sanctions shall continue in this Court. *See Peterson v. Jones*, 857 F. App'x 179, 182 (5th Cir. 2021) ("Even after a court dismisses a case [for lack of subject matter jurisdiction], it retains authority to sanction."); *Willy v. Coastal Corp.*, 503 U.S. 131, 137–38 (1992) (explaining lack of subject matter jurisdiction prevents a district court from addressing a lawsuit's underlying merits, but because Rule 11 is a collateral matter, the district court may continue with Rule 11 proceedings after dismissing claims).

Panasonic and its counsel are therefore **ORDERED** to **SHOW CAUSE** as to why the Court should not impose sanctions under Rule 11(b)(1) or (b)(2). Panasonic shall file a response to this Show Cause Order no later than **December 23, 2021**. The response shall address the following:

1. Whether Panasonic accepts the imposition of monetary penalties.

2. If Panasonic does not accept the imposition of monetary penalties, an explanation as to why its briefing thus far has been woefully inadequate and potentially unethical.

3. If monetary penalties are imposed, whether such penalties should be paid by Panasonic or its counsel.

If appropriate, the Court may order Panasonic and its counsel to appear for a show cause hearing.

It is so **ORDERED**.

**SIGNED** December 16, 2021.

*[signature]*

Marina Garcia Marmolejo
United States District Judge