IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GUILLERMO G. ALARCON AND BARBARA ALARCON, | § § § | |
| Plaintiffs, | § § § | |
| V. | § § | Case No. 5:21-cv-00128 Removed from District Court in |
| ABERRATION, INC. D/B/A SOUTH TEXAS SOLAR SYSTEM, INC. AND PANASONIC CORPORATION OF NORTH AMERICA | § § § § § | Webb County, Texas (Cause No. 2021CVK001927D4) |
| Defendants. | § § § | |

**DEFENDANT PANASONIC'S
RESPONSE TO MEMORANDUM OPINION**

TO THE HONORABLE MARINA GARCIA MARMOLEJO:

Defendant Panasonic Corporation of North America, David N. Calvillo, and Chamberlain, Hrdlicka, White, Williams, and Aughtry, Inc. respectfully respond to the Court's Memorandum Opinion and Order To Show Cause dated December 16, 2021 ("Memorandum Opinion") as follows:

**BACKGROUND AND PERSONAL STATEMENT**

The Court has set a show cause hearing to determine whether sanctions should be imposed pursuant to Fed. R. Civ. P. R. 11. At the outset, as counsel of record on the pleadings at issue, I reaffirm my respect for the Court, my long-standing commitment to upholding the rule of law, and my faithful adherence to the rules that govern the practice of law and our noble profession. With those tenets in mind, I respectfully aver that the drafting and filing of the pleadings the subject of this

1

motion were not motivated by a deliberate indifference to existing law or binding precedent, bad faith, or an intent to ignore or flaunt the ethical rules that have always guided my life in the law. The arguments were made in good faith and rooted in counsel's erroneous belief that they were in fact reasonable and plausible arguments. Counsel now recognizes and apologizes to this Court for the weakness of his articulated position.

Counsel further apologizes to the Court for any of Panasonic's actions that may have given rise to this proceeding.

By way of background, I have been licensed in the State of Texas and the Southern District of Texas of the United States District Courts since 1989. Despite being blessed with an active litigation and trial practice in both state and federal court, mostly in the Southern District of Texas, I have never been sanctioned by any tribunal.

I have devoted a significant amount of time throughout my thirty-two (32) year legal career to serving the bar and the profession. For example, I earned the specialty certification in Civil Trial Law through the Texas Board of Legal Specialization (TBLS) in 2005 and have had that credential renewed several times, the most recent in 2020. I thereafter served the TBLS as an Exam Commissioner for six (6) years from 2010-2016 helping to draft and grade the Civil Trial specialty examination. I have also maintained my license as a Certified Public Accountant since 1984 and its attendant annual professional requirements.[1] I undertake these activities to serve

---

[1] I also earned a CVA credential in 2012 with the National Academy of Certified Valuation Analysts to enhance my study of business damages and related economic issues in litigation; its maintenance requires annual study.

my profession; they are consistent with my commitment to upholding the highest standards of our profession.

Throughout my entire career, I have also devoted myself to numerous bar-related activities that demonstrate my passion and respect for the profession.[2] To pass forward my respect for the rule of law, I have served as an academic legal educator.[3]

The Court has considered the merits of the underlying removal to this Court and related pleadings and determined our arguments did not support the removal. The Court further found the arguments unpersuasive and that they failed in several respects. Counsel respectfully requests this Honorable Court consider the context in which counsel lodged the arguments acknowledging, of course, that the Court has properly found those arguments to be without merit. The driving rationale for our arguments was an advocate's attempt to articulate a nuanced distinction between the forum defendant rule, the judicial doctrine of complete diversity, and the concept of a "snap removal." Having the benefit of the Court's findings and Order, counsel understands that the manner counsel articulated this very nuanced point was a weak attempt at articulating what counsel in good faith believed was a plausible argument. Although weak, counsel in no way set out to advance an argument for an improper

---

[2] For example, I have served as the Chair of a State Bar of Texas' (SBOT) regional Disciplinary Committee, Council of the SBOT ADR Section, Council of the SBOT Hispanic Issues Section, National Membership Chair of the Hispanic National Bar Association, and President of the St. Thomas More Society of Galveston-Houston.
[3] Adjunct Professor of Commercial Law- St. Mary's University School of Law (teaching UCC Article 2), Adjunct Instructor of Business Law- University of Texas, Pan American (Business Law) and currently serve as an elected member of the American Law Institute focusing on International Commercial Arbitration and Economic Damages.

3

purpose.[4]   In sum, our arguments were not advanced in bad faith[5] nor represent an attempt, implied or otherwise, to mislead this Court. The undersigned counsel respectfully requests that the Court consider not imposing sanctions under these circumstances.

Finally, as the responsible attorney, I did not remove the case to this court for an improper purpose. I have served as a mediator on more than one thousand mediations in my career and I have come to believe, as a lawyer, it is my duty to advocate for the efficient resolution of disputes and help preserve judicial resources. In this case, I initiated various communications, including a few with Plaintiff's counsel, advocating for a quick settlement of this dispute. I will continue to do so in state court.

I respectfully pray that this Court not impose any sanctions, monetary or nonmonetary, for the positions advocated in this case. Having studied and understood the Court's firm admonitions, I will continue to strive for full and comprehensive legal research and analysis in my briefing and argument with all tribunals.

## RESPONSE TO THE COURT'S ORDER

The Court ordered Panasonic to respond to three questions. Panasonic respectfully responds as follows:

1. *"Whether Panasonic accepts the imposition of monetary penalties."*

---

[4] Predator Int'l, Inc. v. Gamo Outdoor USA, Inc., 793 F.3d 1177, 1182 (10th Cir. 2015)("Even if a legal position is clearly contrary to current law, it is not sanctionable if the position is warranted by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.")(Interpreting Fed. R. Civ. P. 11(b)(2)).
[5] Although not decided under Fed. R. Civ. P. 11, the Supreme Court of Texas' recent discussion of attorney "bad faith" may be instructive. Brewer v. Lennox Hearth Prods. LLC, 601 S.W. 3d 704, 729 (Tex. 2020) (J. Guzman) ("For the purpose of attorney sanctions, bad faith cannot be inferred merely from error; otherwise, it would cease to function as a constraint on sanction power.")

<u>Response</u>: Payment of the $2,170.00 in attorney's fees and costs has been made and delivered to Plaintiff's counsel.

In addition, we are prepared to pay the $4,340.00 in court penalties. A request has been made of the Court's Case Manager for the logistics to issue that payment so that it can be fully and timely issued. We would again, however, ask the Court not to impose monetary or nonmonetary sanctions in this case.

2. *"If Panasonic does not accept the imposition of monetary penalties, an explanation as to why its briefing thus far has been woefully inadequate and potentially unethical."*

<u>Response</u>: Given the response to Question No. 1 above, an answer to this question is not necessary.

3. *"If monetary penalties are imposed, whether such penalties should be by Panasonic or its counsel."*

<u>Response</u>: Counsel for Panasonic has decided that it is prepared to pay the monetary penalties or "court fines" referred to by the Court in its Memorandum Opinion.

WHEREFORE PREMISES CONSIDERED, David N. Calvillo and Chamberlain, Hrdlicka, White, Williams, and Aughtry, Inc. respectfully file this Response to the Court's Memorandum Opinion and requests that the Court decline to issue any further sanctions in this case.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS &AUGHTRY, P.C.**

By: /s/ *David N. Calvillo*
    David N. Calvillo
    Attorney-in-Charge
    Texas State Bar No. 03673000
    S.D. Tex. ID No. 11431
    1200 Smith Street, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 658-1818
    Facsimile: (713) 658-2553
    david.calvillo@chamberlainlaw.com

**ATTORNEY FOR DEFENDANT PANASONIC CORPORATION OF NORTH AMERICA**

**OF COUNSEL**:

David M. Medina
Texas Bar No. 88
S.D. Tex. ID No. 2609723
Reagan H. "Tres" Gibbs, III
Texas State Bar No. 24083068
S.D. Tex. ID No. 29005311
**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS &AUGHTRY, P.C**.
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Facsimile: (713) 658-2553
David.Medina@ChamberlainLaw.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

A. Federico Longoria, III
LAW OFFICES OF A. FEDERICO LONGORIA, III, P.C.
130 East Travis, Suite 350
San Antonio, Texas 78205

*/s/ David N. Calvillo*
David N. Calvillo